PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN VIDAL ET AL., Defendants and Appellants.

No. 4868.    Argued November 10, 1932.—Decided February 8, 1933.

*Angel A. Vázquez* for appellants.    *R. A. Gómez* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Under a statute which provides—

"Every person who adulterates or dilutes milk and every person who sells, offers or keeps for sale, or who transports or stores milk to be used for human consumption, and every person using milk adulterated or diluted for industrial purposes, when such milk is to be used in the preparation of food for human consumption, shall be guilty of misdemeanor ....,"

the defendants Juan Vidal and Dolores Casado were accused and convicted of the adulteration of milk intended for human consumption.

At the hearing of this case the question turned upon whether the defendants were guilty of transporting milk under the statute. One of the defendants, Dolores Casado, on the witness stand in point of fact said that the milk was destined for human consumption and considerable reliance was made on this admission. The facts were, however, that to

buy milk Dolores Casado, employee of Vidal, the other defendant, went to the farm of Sánchez Osorio and was carrying milk sealed in cans back to the shop of his employer when he was detained by an inspector, the milk examined, and found adulterated. It is evident that what the defendant Dolores Casado as the agent of Vidal was doing was carrying milk from the farm to the shop. The defendants had no other immediate purpose. The fact that the milk was ordinarily sold for human consumption did not affect the intention of the defendants at the moment of the transportation. Their only present intention was to get the milk to the shop. What Dolores Casado evidently meant was that the milk was bought from Sánchez Osorio for the usual purposes. He could not say and did not say that the particular milk was actually going to be sold for human consumption. The milk at the moment was not destined for human consumption.

At the hearing the *Fiscal* of this Court was disposed to concede that a transportation company would not be guilty of the offense of transporting adulterated milk, but the act of the transportation company and the act of these defendants is in essence no different. Instead of transporting the milk himself or by his agent the owner of the shop might have used an express company. If the circumstances can not be weighed to determine the intention then all sorts of consequences might ensue. A servant buying milk at the grocery and carrying it home would be guilty of transporting milk under the statute. Similarly a hotel keeper or other person who transported adulterated milk in any quantity.

The idea of the law is to punish adulterators or vendors of milk. It is not the idea of the law to punish the purchasers of milk. The defendant, Vidal, was so far a mere purchaser of milk. He did not reveal any intention of selling adulterated milk or to dedicate it for human consumption.

While knowledge that the milk is adulterated need not be proved yet the other elements of the crime, namely the adulteration, sale, keeping for sale, or possession for human

consumption, must be strictly proved as in any other criminal case. This, of course, includes the necessity of showing clearly that the milk at the time was "to be used" for human consumption. If, for example, these defendants had been carrying the milk to customers, the crime of transportation would have been complete. Of course we are not considering cases where after transportation of milk a defendant proceeds to use it for human consumption by selling it or otherwise.

It is unnecessary to consider the other errors assigned.

The judgment will be reversed and the defendants discharged.

Mr. Chief Justice Del Toro and Mr. Justice Hutchison dissented.